IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C.-Atlanta

JUL 28 2006

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| TERRY FRANKOVICH | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION |
| | ) FILE NO. |
| | ) |
| | ) **1 06 CV 1771** |
| J.E. LONG and R.L. BUTCH CONWAY | ) |
| as SHERIFF OF GWINNETT COUNTY, | ) |
| GEORGIA | )  **BBM** |
| | ) |
| Defendants. | ) |

## COMPLAINT

Comes Now Terry Frankovich and states to the Honorable Court as follows:

1.

This action is brought pursuant to 28 U.S.C. Section 1343 (1984) and 42 U.S.C. Section 1983, and Section 1988 (1984) to redress deprivation, under color of law of rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United State Constitution.

2.

Jurisdiction of this Court is proper pursuant to 28 U.S.C. Section 1331 and 1343 (1984).

3.

The actions of the Defendants, as alleged to have occurred in this Complaint, occurred in the District and Division of this Honorable Court.

4.

Plaintiff Terry Frankovich, is, at all times pertinent to this lawsuit, a citizen of the United States of America and the State of Georgia.

5.

Defendant, R.L. "Butch" Conway, as Sheriff of the County of Gwinnett, Georgia, was at all times during the period sub judice Sheriff of Gwinnett County, Georgia and he is a citizen of the United States of America, a resident of Gwinnett County and was at all times pertinent to this action, responsible for hiring, retaining, maintaining, training, disciplining, and otherwise supervising the deputies or other employees and agents who make up those responsible for the Gwinnett County Sheriff's Department and the control and operation of the jail.

6.

As Sheriff of Gwinnett County, Georgia he establishes, oversees and controls the practices, procedures and policies of the Office of Sheriff including the jail. Sheriff Conway is being sued in his individual and official capacity.

7.

Defendant, J.E. Long, was at all times during the period a Police Officer of the City of Lawrenceville, Georgia acting in his official capacity as a law enforcement officer for the City of Lawrenceville, Georgia and is a citizen of the United States and a resident of Gwinnett County and is subject to the jurisdiction of this Honorable Court.

8.

On August 5, 2004, at approximately 1322 P.M. at 748 Old Norcross Road, Suite 185, Lawrenceville, Georgia, Plaintiff was in the waiting room of doctor Crooker waiting to see his doctor.

9.

At said time and place, Defendant, Officer J.E. Long entered the waiting room of doctor and forced the Plaintiff to leave the doctor's office.

10.

Terry Frankovich protested having to leave the doctor's office due to his medical and physical condition but was forced to leave by Officer Long prior to seeing the doctor.

11.

The officer questioned Mr. Frankovich refused him medical care.

12.

Mr. Frankovich informed Officer Long that he was on legal medication and that he was in great pain and suffering from some sort of painful abdominal problem.

13.

Mr. Frankovich further informed the Officer that he was urgently in need of medical care, in great pain and that is why he was at his doctor's office.

14.

Officer Long threatened Mr. Frankovich and got in his face and told him "if you bring it up again I will show you what pain is," and placed him under arrest for DUI of drugs.

15.

Defendant Long cuffed Mr. Frankovich had him sit on the tailgate of his truck and called for a patrol car for transport.

16.

Officer Long read the implied consent warning and Mr. Frankovich submitted to tests of his blood, breath and urine.

17.

Officer Long administerd a State Breath Test to Mr. Frankovich on an Intoxilyzer 5000 and Mr. Frankovich registered a .000 and .000.

18.

Officer Long then transported Mr. Frankovich to Gwinnett Medical Center and at approximately 15:15 hours blood and urine were taken from Mr. Frankovich.

19.

Officer Long then transported Mr. Frankovich to Gwinnett County Detention Center where he was incarcerated.

20.

At all times aforementioned Mr. Frankovich was in severe pain due to his medical condition and was refused medical treatment by officer Long.

21.

Upon his incarceration in the Gwinnett County Detention Center, (Jail) he informed Sheriff's deputies that he was in excruciating pain and needed medical attention.

22.

Mr. Frankovich requests for medical attention wer simply met with threats of more pain to be inflicted upon him rather than a trip to the hospital.

23.

Despite his obvious physical discomfort and Mr. Frankovich's complaints and requests for medical attention he was denied all medical care while in the jail.

24.

Mr. Frankovich remained in the customdy of Gwinnett County until August 6, 2004 at approximately 15:41 hours.

25.

Mr. Frankovich continued to have pain upon his release from jail and went to the emergency room on August 8, 2004 for treatment of his abdominal pain at

Eastside Medical Center.

26.

It was discovered by the hospital that Mr. Frankovich had acute appendicitis complicated by perforation and now a walled off periappendiceal abscess.

27.

Mr. Frankovich's painful condition of a ruptured appendix required massive doses of antibiotics for the infection and morphine and Demerol for the excruciating pain.

28.

After much pain, treatment and consultation with physicians and some stabilization regarding the infection Plaintiff had surgery performed on him.

## Count Two

**29.**

Plaintiff adopts and incorporates paragraphs on through eight of twenty of this Complaint as if fully set forth herein.

30.

Defendant J.E. Long publicly detained and arrested the Plaintiff Terry Frankovich without probable cause and with willful, malicious disregard for his rights.

## Count Three

31.

Plaintiff adapts and incorporates paragraphs one through thirty one of this complaint as if fully set forth herein.

32.

Plaintiff Terry Frankovich was wrongfully detained by Defendant J.E. Long and charged with DUI for drugs and Failure to Maintain Lane.

33.

Plaintiff's test results according to the Intoxilizer 5000 were .000 and .000 grams.

34.

Plaintiff was not DUI and as a result of the aforementioned charges, arrest and incident, Terry Frankovich suffered public humiliation, emotional distress, and damage to his reputation for which he is entitled to recover.

35.

As a result of Defendant Long's denial of medical care and removal of plaintiff from his Doctor's office, plaintiff sustained serious physical and emotional injury resulting in much pain and suffering that has continued.

34.

As a result of defendant Long's actions, plaintiff has sustained loss of wages and impairment to make a living.

### Count Four

37.

Plaintiff adapts and incorporates paragraphs one through eight of this Complaint as if fully set forth herein.

### 38.

Defendant J.E. Long has discriminated against Plaintiff Frankovich and the actions of said Defendant were predjudicial with malice and clearly violated the statutory and constitutional rights of the Plaintiff under the Constitution of the State of Georgia and the United States to such a degree a reasonable person would have known they were in violation thereof.

### Count Five

### 39.

Plaintiff adopts and incoporates paragraphs one through eight of this Complaint as if fully set forth herein.

### 40.

At all times pertinent herein, Sheriff of Gwinnett County, R.L. "Butch" Conway is responsible for his actions in performing and carrying out his job as Sheriff of Gwinnett County and responsible for the Gwinnett County Detention Center (Jail) and Defendants working under the purview and direction of Sheriff Conway at the Jail.

### 41.

The Defendant Sheriff Conway has failed to implement and enforce policies customes and procedures adequately to ensure that the constitutional rights of citizens are

protected in such incidents.

42.

The failure of Defendant Sheriff Conway of Gwinnett County, Georgia to adequately train, supervise, discipline and employ and direct its law enforcement officers and agents is a result of said county's acquiescence to unconstitutional practices as further evidenced by the county's history, custom and malicious use of unreasonable and excessive force by it's law enforcement officers and its failure to provide adequate medical care to its inmates and detainees.

43.

At all times pertinent herein the jail and other unknown was with the scope and direction of Gwinnett County Sheriff's Office and deputy sheriffs and jailers at the jail were carrying out the business of the Sheriff R.L. "Butch" Conway and the County of Gwinnett.

44.

As a direct and proximate cause of the events and the conduct of the Office of Sheriff Conway as Sheriff of Gwinnett County in his acquiescence to unconstitutional practices and his failure to appropriately supervise the jail and provide proper medical care for Plaintiff, Plaintiff Frankovich has suffered serious injuries necessitating medical and psychological treatment.

### Count Six

45.

The acts and omission toward Plaintiff were negligent as to health care in one or more of the following particulars, and such negligence was a proximate cause of injuries and damage to the Plaintiff:

(A) Illegal removal of Plaintiff from doctor's office.

(B) Illegal detention and arrest of Plaintiff.

(C) Failure to provide proper health care to the Plaintiff.

(D) Total ignoring of Plaintiff's medical request.

(E) The absence of care and treatment provided to Plaintiff fell below that required by reasonably prudent corrections professionals.

(F) Personnel were inadequately trianed to handle medical occurrences presented by Plaintiff.

(G) Such other unknown acts of negligence as may be developed in discovery.

## Count Seven

DEMAND FOR JUDGMENT

46.

Plaintiff incorporates _____

Defendants treatment of the Plaintiff was in violation of Article 1 Section 1 Paragraph XIII in that the treatment of the Plaintiff was cruel and unusual punishment and the Plaintiff was abused in the arrest, while under arrest and while incarcerated.

47.

Park Ridge 85
2900 Chamblee Tucker Road
Building 1
Atlanta, Georgia 30341
Telephone: (770) 455-1350
Fax: (770) 455-1449