**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **TERRY FRANKOVICH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) CIVIL ACTION |
| | ) FILE NO.: 1:06-CV-1771 |
| v. | ) |
| | ) |
| **J.E. LONG** | ) |
| | ) |
| **Defendant.** | ) |

**PLAINTIFF TERRY FRANKOVICH'S RESPONSE TO
DEFENDANT J.E. LONG'S MEMORANDUM OF LAW
IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

COMES NOW Plaintiff Terry Frankovich, pursuant files this response to Defendants memorandum of law in support of Defendant's motion for summary judgment.

I. **INTRODUCTION**

This case arises out of the August 5, 2004 warrantless arrest of Plaintiff Terry Frankovich contends that Officer Jonathan E. Long of the City of Lawrenceville Police Department entered the waiting room of the Plaintiff's doctor; forced Plaintiff to leave, refused Plaintiff medical care despite being informed of Plaintiff's need for care and arrested Plaintiff for DUI of drugs. (Complaint, § 8, 9, 10, 11, 12, 13) Frankovich further

contends Officer Long threatened him upon his request for medical care. (Id. 11, 14)

The action was brought pursuant to 42 USC§1983 for violation of constitutional rights of Georgia and United State specifically under the Fourth, Fifth, Eighth and Fourteenth Amendments.

The record evidences that a reasonable officer would have known that it violated clearly established law to detain and arrest someone without probable cause.  There are clear questions of material facts existing as to whether Officer Long had probable cause, whether his actions were reasonable under the circumstances and whether his arrest and denial of medical care was malicious or callously indifferent to Plaintiff's condition.

Summary judgment should be denied.

## II.     STATEMENT OF FACTS

Plaintiff hereby incorporate by reference his response to Defendant's Statement of Material Facts.

## III.    APPLICABLE STANDARD IN REVIEWING MOTIONS FOR SUMMARY JUDGEMENT

Rule 56 (c) of the Federal Rules of Civil Procedure permits courts to grant summary judgment motions in cases in which there is no genuine issue of material fact. Livernois v. Medical Disposables, Inc., 837 F.2d 1018,

1022 (11 Cir. 1988) To survive a motion for summary judgment, a Plaintiff need "'only present evidence from which a jury might return a verdict in his favor. If he does so, there is a genuine issue of fact that requires a trial' " Id. (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U. S. 242, 106 S. Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

Rule 56 of the Federal Rules of Civil Procedure states that summary judgment may be granted when "there is no genuine issue as to any material fact…and the moving party is entitled to a judgment as a matter of law." The movant has the initial burden of showing, by reference to the materials available, that the non-movant lacks evidence to support the essential elements of the claim. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986). Only after the movant has met this burden is the non-movant required to provide evidence establishing that a genuine issue of material fact exists, <u>Clark v.Coats & Clark, Inc.</u>, 929 F.2d 604, 609 (11Cir. 1991). "Merely stating that the non-movant party cannot meet its burden at trial is not sufficient." <u>Anderson v. Radisson Hotel Corp.</u>, 834 F. Supp. 1364, 1367(S.D. Ga. 1993) (quoting Clark, 929 F.2d at 608). (Emphasis added.)

If the movant meets its initial burden, the non-movant must come

forward with some evidence in support of its claims. The non-movant meets the evidentiary requirement through the production of affidavits, depositions, admissions, etc. at. Celotex, 477 U.S. at 325. A grant of summary judgment is improper if the non-movant "present(s) evidence from which a jury might return a verdict in (his) favor." Anderson v. Liberty Lobby Co., Inc., 477 U.S. 242, 248 (1986). See Barfield v. Brierton, 883 F.2d 923, 933 (11Cir. 1989).

The Court must view the evidence presented and the factual inferences arising therefrom in a light most favorable to the non-moving party. Barfield, 883 F.2d at 934, citing Adickes v. H. S. Kress and Co., 398 U.S. 144, 157 (1970). See also, Rollins v. TechSouth Inc., 833 F.2d 1525, 1529 (11Cir. 1987); Everett v. Napper, 833 F.2d 1507, 1510 (11Cir. 1987). If a reasonable trier of fact could draw more than one inference from the facts, and that issue creates an issue of genuine material fact, then summary judgment should not be granted. Barfield, 883 F.2d at 933 – 934; Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11Cir. 1988).

A court evaluating a summary judgment motion must view the evidence in the light most favorable to the non-movant. If a reasonable fact finder evaluating the evidence could draw more than one inference from the

facts, and if that inference introduces a genuine issue of material fact, then the court should not grant the summary judgment motion. <u>Augusta Iron and Steel Works v. Employers Insurance of Wausau</u>, 835 F.2d855, 856 (11Cir. 1988) (per curiam).

## IV.   ARGUMENT AND CITATION OF AUTHORITIES

### A.  DEFENDANT LONG VIOLATED PLAINTIFF'S FOURTH AMENDMENT RIGHTS

The Fourth Amendment in relevant part "provides the right of the people to be secure in their persons…against unreasonable search and seizure and should not be violated." A violation of Fourth Amendment gives rise to a private cause of action under Section 1983 <u>Monroe v. Pape</u>, 365 U.S. 167 (1961), § 1983 is not itself a source of substantive rights but, "merely provides a method for vindicating federal rights elsewhere conferred." <u>Baker v. McOlan</u>, 443 U.S. 137, 144, n. 3 (1979)

Generally the first inquiry of the 1983 action is to identify the precise constitutional right violated which will generally be either the Fourth Amendments prohibition against unreasonable seizures of the person or Eighth Amendment's ban on cruel and unusual punishments, which are the two primary sources of constitutional protection against physically abusive

5

conduct by a police officer or other government official.  Graham v. Conner, 490 U.S. 386, 394 (1989)

"…when investigators stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment, which guarantees citizens the right to be secure in their persons…against unreasonable…seizures of the person."  Id

It is, Plaintiff's position that Officer Long's actions were unreasonable and properly brought under the Fourth Amendment and actionable under § 1983. "The course of an arrest, investigative stop or any seizure of a free citizen should be analyzed under the Fourth Amendment and its "reasonable' standards". Graham 490 U.S. et 395

Officer Long alleges qualified immunity to protect and shield him from civil liability. "Qualified immunity protects from civil liability government officials who perform discretionary functions if the conduct of the officials does not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known' " Slicker v. Jackson, 215F. 3d 1225, 1232 (11Cir. 2001) quoting Knowland v. Isbell, 207 F.3d 1253, 1255 (11Cir. 2000). (quoting Harland v. Fitzgerald, 457 U.S. 800, 818 (1982).

The court should also consider "the severity of the crime whether the suspect posed an immediate threat, whether the suspect resisting or fleeing." Post v. City of Fort Lauderdale, 7F 3rd 1552, 1559 (11th Cir. 1993)

Officer Long had a responsibility and duty to conduct a further investigation at the scene. An objectively reasonable officer would have known he was in the doctor's office for treatment and inquired further into the matter. See Tillman v. Coley, 886 F.29 317 (11th Cir. 1989).

Further inquiry would have quickly revealed why Plaintiff was in the doctor's office and that the symptoms of excruciating pain and inability to perform specific tasks were related to his medical condition not DUI. (Defendant Exhibit B, pp. 75-76)

To truly understand the total abandonment of reasonableness and common sense by Officer Long, you must look at how improvident the conduct was under all the circumstance. Frankovich was in his doctor's office for treatment of the condition that manifested in the symptoms, Long wrongfully assumed was DUI. Frankovich was not a threat to anyone at this juncture. However, Officer Long decided it essential to remove him from the office and arrest him without allowing him medical care. Would not a reasonable, prudent officer allow Frankovich the opportunity to obtain the needed medical attention. Assuming simply for the sake of argument he

should be arrested for a crime, would it not be reasonable to first allow him to finish his doctor's visit? Would not the doctor be able to shed more light to the officer as to his condition, causes and symptoms which may mimic other behavior? What is reasonable about removing a patient from the doctor's office and immediately arresting him for DUI when he is already removed from the roads and poses no danger to anyone?

The ultimate issue is if there was probable cause for the arrest. Plaintiff contends that officer did not have a sufficient basis to make a "practical common sense" decision that a "fair probability of crime existed" Illinois v. Gates, 462 U.S. 213 (1983). Once Officer Long's actions failed to satisfy this test, it may appear that no reasonable objective officer could have believed that probable cause could have existed.

Defendant asserts that Frankovich's own testimony evidenced the existence of probable cause. Plaintiff adamantly disagrees, as his explanation to Officer Long regarding his medical problems, pain, medication and his presence in the doctor's office at the very least should have prompted further inquiry by Officer Long, not to an arrest for DUI ultimately terminated in Plaintiffs favor. (Defendant's Exhibit B, pp. 75-76, p. 104.)

B.  **DEFENDANT LONG VIOLATED PLAINTIFF'S FOURTEENTH AMENDMENT RIGHTS**

The 11th Circuit Court has indicated that "claims involving the mistreatment of arrestees or pre-trial detainees in custody are governed by the 14th Amendment's due process clause instead of the 8th Amendment's cruel and unusual punishment clause. However the applicable standard is the same for pre-trial detainees as for convicted prisoners. The deliberate indifference standard.

"When a government official seeks summary judgment based on qualified immunity, Courts apply a two step list to determine whether qualified immunity is appropriate.

First "[a]    Court required to rule upon the qualified immunity issue must consider . . . this threshold question:  Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right" Andujar v. Rodriguez, 09-17162 (11th Cir. 2002), Saucier v. Katz, 553 U.S. 201 (204)

First Frankovich must satisfy an objectively serious medical need as "one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Farrow v. West, 320 F.3d 1235, 1234

(11th Cir. 2003). Viewing the fact in the light most favorable to Frankovich his medical problems could be deemed objectively serious.

First he was in a doctor's office which by itself evidences need for a doctor's attention. He told Officer Long about unbearable pain, his physical problems. (Defendant's Exhibit B, p. 75), (Plaintiff's depo., p. 69)

1) Plaintiff as stated above showed Officer Long was aware of the serious medical need. 2) Officer Long disregarded the risk by removing him from the doctor's office arresting him and not allowing him medical care. 3) The conduct of Officer Long amounted to more than gross negligence. It was malicious and deliberately indifferent as evidenced by Officer Long's response of "Well if you bring it up again, I'll show you what pain is." (Defendant's Exhibit B, p. 76), (Plaintiff's depo., p.9)

As to the argument that there was a delay in seeking medical treatment "because his primary concern was for his pet cat," the delay was for probably 18 hours (Defendant's Exhibit B, p. 98) to take care of cat and to take care of myself too. (Id, p. 97) Mr. Frankovich also talked about getting his vehicle back and getting a little rest and "literally from exhaustion just passed out." (Plaintiff's depo., pp. 79-80) It should be noted that in <u>Crosby v. Monroe County</u>, the Plaintiff delayed several days before seeking medical care not 18 hours.

## **CONCLUSION**

Defendant's Motion for Summary Judgment must fail, as there are genuine issues of fact to be decided.

Plaintiff respectfully requests the Defendant's Motion for Summary Judgment be denied.

Respectfully Submitted,

_____
Aubrey T. Villines, Jr.
Attorney for the Plaintiff
Georgia Bar No. 727750

Park Ridge 85, Building 1
2900 Chamblee Tucker Road
Atlanta, Georgia 30341
(770) 455-1350
(770) 455-1449

## **CERTIFICATE OF FONT COMPLIANCE**

Counsel for the Plaintiff hereby certifies the preceding document was prepared with Time New Roman font, 14 point, pursuant to Northern District Local Rule 5.1.

/s/ Aubrey T. Villines, Jr.
Aubrey T. Villines, Jr.
Georgia Bar No. 727750

Park Ridge 85, Building 1
2900 Chamblee Tucker Road
Atlanta, Georgia 30341
atvill@msn.com
(770) 455-1350 (Telephone)
(770) 455-1449 (Facsimile)

## CERTIFICATE OF FONT COMPLIANCE

I hereby certify that I have this day electronically submitted the foregoing PLAINTIFF TERRY FRANKOVICH'S RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS to the Clerk of Court using CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants and mailed by United States Postal Service, first-class postage prepaid, a paper copy of the same document to counsel of record who are non-CM/ECF participants.  Counsel of record are:

Sun S. Choy, Esq.
Freeman, Mathis & Gary LLP
100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948

Scott J. Fuller, Esq.
Melinda K. Wells, Esq.
Karen Gilpin Thomas, Esq.
Gwinnett County Department of Law
75 Langley Drive
Lawrenceville, Georgia 30045-6900

This 4th day of June, 2007.

/s/ Aubrey T. Villines, Jr.
Aubrey T. Villines, Jr.
Georgia Bar No. 727750